**Affirmed and Opinion Filed April 25, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00520-CV

## IN THE INTEREST OF Z.C.M., M.R.M. AND E.P.M., CHILDREN

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-22954**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and O'Neill[1]
Opinion by Justice Bridges

This appeal involves a divorce decree entered on April 15, 2015 between Husband and Wife. In four issues, Husband argues (1) the trial court lacked jurisdiction to clarify the divorce decree after he filed a notice of appeal; (2) the trial court's recording requirement violates Texas Property Code section 13.001; (3) the trial court abused its discretion by supplanting the parties' intent regarding the recording requirement with its own intent; and (4) the appellate court should clarify the ambiguity regarding the recording of property in the divorce decree. We affirm the trial court's judgment. Because the underlying facts are known to the parties, we include only those necessary to disposition of this appeal. TEX. R. APP. P. 47.1.

During a hearing, Husband argued Trans Financial, LLC was his separate property and his sister testified she was an investor in the company. The trial court, however, determined

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

Trans Financial, LLC was one hundred percent community property and ordered it sold. The court further ordered that from the proceeds of the sale, "All liens of record as of February 25, 2015 which encumber the real estate held by Trans Financial LLC" shall be paid from the proceeds of the sale.

Husband filed his notice of appeal on April 17, 2015. He then filed an amended notice of appeal on May 1, 2015 and a second amended notice of appeal on May 14, 2015.

Husband later filed a motion to modify the decree, which is not in the record. However, the reporter's record from the October 8, 2015 hearing is a part of the appellate record. During the hearing, Husband argued the lien recording aspect of the decree was ambiguous because it failed to specifically identify where lien holders should have recorded a lien against Trans Financial LLC. Husband was specifically concerned with an alleged lien his sister had in the property, and he argued her lien was established through her testimony at a previous hearing.[2] At the conclusion of the hearing, the trial court did not think any modification of the decree was warranted and orally denied the motion; however, a signed order is absent from the record.

We begin by addressing Husband's argument that the trial court did not have jurisdiction to clarify the order. Both parties acknowledge that section 9.007(c) of the Texas Family Code abates "[t]he power of the court to render further orders to assist in the implantation of or to clarify the property division" while an appellate proceeding is pending. TEX. FAM. CODE ANN. § 9.007(c) (West 2006). Both parties also agree Husband filed his notice of appeal prior to the hearing on his motion to modify the divorce decree. Accordingly, had the trial court modified the decree, which it did not, it would have been without jurisdiction to do so. Thus, Husband's first issue is overruled as moot.

---

[2] She testified she invested in Trans Financial, LLC.

Husband's second and third issues involve whether the trial court's "recording requirement" violated section 13.001 of the Texas Property Code and if the trial court supplanted its own intent over that of the parties' intent. Central to Husband's argument is his belief that statements made by the trial judge during the modification hearing were clarifications of the original divorce decree regarding potential liens against Trans Financial, LLC. Although the trial court stated the kind of lien at issue was "one you do for property, which is with the records, the County Tax Assessor, the records department, not this court," the court did not have jurisdiction to modify the decree and ultimately denied the motion to clarify. As such, the trial court did not inject any recording requirement that violated the property code or supplant its own intent over that of the parties' intent. We overrule Husband's second and third issues.

Finally, Husband argues the decree is ambiguous because it does not specify where lienholders who seek to recover from Trans Financial, LLC's assets should record a lien. A mere disagreement about the proper interpretation of an agreement does not make an agreement ambiguous. *Toler v. Sanders*, 371 S.W.3d 477, 481 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The instrument is ambiguous only if, after application of the rules of construction, the agreement is susceptible to more than one meaning or if its meaning is uncertain or doubtful. *Id.*

"Of record" has a commonly understood legal meaning. *See Pineridge Assoc., L.P. v. Ridgepine, LLC*, 337 S.W.3d 461, 467 (Tex. App.—Fort Worth 2011, no pet.) (noting Texas courts have long recognized the term to denote that a document has been made a part of the public record by filing the document in the appropriate place); *see also Of Record*, BLACK'S LAW DICTIONARY (7th ed. 1999) ("Recorded in the appropriate records."). Husband has not brought forth evidence creating an ambiguity of the meaning of "of record," but merely disagrees with the interpretation. Applying the commonly understood legal meaning of liens "of record" does not create more than one reasonable interpretation in the divorce decree. Thus, the divorce

decree is not ambiguous as to where lienholders must record a lien to recover from Trans Financial, LLC's assets. We overrule Husband's fourth issue.

We affirm the trial court's judgment.

/David L. Bridges/

DAVID L. BRIDGES

150520F.P05                                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IIN THE INTEREST OF Z.C.M., M.R.M.,
AND E.P.M., CHILDREN

No. 05-15-00520-CV

On Appeal from the 301st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-13-22954.
Opinion delivered by Justice Bridges.
Justices Lang and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MONICA MANNING recover her costs of this appeal from appellant ZACHARIAH MANNING.

Judgment entered April 25, 2016.